**TEXARKANA BUS COMPANY, Appellant,**

v.

**Leslie Earl CARTER, Appellee.**

No. 6876.

Court of Civil Appeals of Texas.

Texarkana.

March 28, 1957.

Addendum April 11, 1957.

Brown & Brown, Texarkana, for appellant.

Harkness & Friedman, Texarkana, for appellee.

CHADICK, Chief Justice.

This Court on June 14, 1956, reversed and remanded this case. 292 S.W.2d 869. In a per curiam opinion, on application for writ of error, the Supreme Court remanded the case to this Court for compliance with the mandatory provisions of Rule 440, Texas Rules of Civil Procedure.

In a world so full of pain and suffering it is strange that no one has perfected a gauge that will accurately measure its value. Courts have wisely left this to the sound discretion of fair and unbiased juries, which in the final analysis is the only protection of any property right. This court has no right to substitute its judgment for that of the jury hearing the case, and may do so by requiring a remittitur, only where from the evidence, it is apparent that passion, prejudice, corruption or a disregard of evidence entered into the verdict. 13 T.J., Sec. 151, p. 271.

As pointed out in the opinion originally handed down by this Court there is some

indication that prejudice and disregard of the testimony entered into the verdict. Illustrative is the jurors' testimony that they assessed damages not for loss, permanent injury, doctors' bills, pain or suffering but because the bus stopped in front of the appellee; and the amount of the judgment in the almost complete absence of objective symptoms of injury.

The appellee's motorcycle struck the rear end of the bus with sufficient force to knock a bumper off on one side, throw the appellee over the windbreak of the motorcycle and against the back corner of the bus. His back struck the bus, he fell to the street and was unconscious briefly. Doctors treated him and prescribed rest and heat applications to his back in the lumbar region. The treating doctor placed him in a brace which he had worn four or five days per week until the time of the trial. Appellee testified that the brace eased his pain and strengthened his back. By his own reckoning he lost about 30 days' time. He stated that he had suffered pain in his back since the occurrence. The bruises and abrasions seem not to have been of any great significance or caused any continuing pain or disability.

Appellee's doctor testified that in his opinion the injury aggravated a pre-existing back injury and that appellee would continue to suffer from it the remainder of his life. This doctor who as the city's doctor had had occasion to examine appellee in 1950, when appellee was employed as a police officer, also testified that there was some limitation of motion in appellee's back which was greater after the accident than it was before.

In 13 Tex.Jur., Secs. 160 and 171 at pp. 287 and 311, the text-writers, though admitting that a classification is well nigh impossible, undertook to classify injuries to the spine and made note of the action of the various courts over the years in determining whether verdicts are excessive or not. Perusals of the cases cited are helpful, and though they do not lend to a fixed rule, some guide is furnished leading to the conclusions stated hereafter.

Recognizing, as this Court does, that the injuries to different persons in separate occurrences are never going to be the same, some authority for the action here taken may be found in Texas-Mexican R. Co. v. Creekmore, Tex.Civ.App.1919, 204 S.W. 682, error dism. In that case a railway postal clerk suffered muscle injuries in the lumbar region of his back. He suffered severe, acute pain initially after the accident, and a continuing, dull heavy pain until the time of the trial. He was under treatment by medical doctors, and a part of the treatment was to brace his back by plasters and the use of a walking cane when he moved about. He lost 45 days' work.

In both cases the injury was to muscles in the lumbar region of the back, and because of weakness there, treatment was to brace the back. In this case, Carter had been under such treatment from the time of the accident on November 14, 1953, until the time of the trial on June 13, 1955. In the Creekmore case the time between the injury and the trial is not shown, but the medical testimony in it, as it is to Carter in this case, was that pain and a weakened condition would be present the rest of Creekmore's life.

The charge in the Creekmore case permitted a recovery for medical expense of $150 and also for future medical treatment, as well as for physical pain past and future, while in this case, recovery was limited to past and future physical pain. However, on the basis of the facts set out in the Creekmore opinion, it appears that the recovery was based largely upon the factor of pain and suffering.

It was held in the Creekmore case that a recovery of $6,000 was not excessive. Giving some consideration to the purchasing power of money at this time, 13 Tex. Jur., Sec. 159, p. 286, a recovery for the appellee Carter in this case of $5,000 would not be excessive. The judgment of the

trial court awarding $10,000 damages is excessive $5,000.

If appellee files a remittitur in the sum of $5,000 within 20 days from the date of this opinion, the judgment of the trial court will be affirmed; in the absence of such remittitur on or before such date, the case will be reversed and remanded for new trial.

FANNING, J., concurs.

DAVIS, J., dissents.

DAVIS, Justice.

I dissent from the finding of the majority in this case. When this Court reversed and remanded this case, Texarkana Bus Co. v. Carter, 292 S.W.2d 869, we first held that the verdict of the jury was so contrary to the overwhelming preponderance of the evidence as to be manifestly unjust and clearly wrong. To my mind, then and now, this was a holding by this Court that the jury verdict was prompted by passion and prejudice, and the Court thought then and I think now, that the testimony as quoted in the original opinion fully supports our holding.

Following the finding that the verdict of the jury was so contrary to the overwhelming preponderance of the evidence that it was manifestly unjust and clearly wrong, the Court then held that the verdict of the jury was grossly excessive. Therefore, a careful study of that opinion will reveal that the case was reversed and remanded solely upon the ground that the verdict of the jury was so contrary to the overwhelming preponderance of the evidence as to be manifestly unjust and clearly wrong; the finding of excessiveness of necessity followed. On application for writ of error, the Supreme Court remanded the cause, stating that the provisions of rule 440, T.R.C.P., formerly Article 1862, R.C.S.1925, were applicable. The Supreme Court, 295 S.W.2d 653, said that this Court

"* * * remanded the cause for retrial on the *sole* ground that the verdict in the amount of $10,000 awarded to the plaintiff in the trial court is excessive *and contrary to the overwhelming weight of the evidence*." (Emphasis mine.) The Supreme Court has instructed this Court to find, as a fact, the amount in which the verdict of the jury and judgment of the trial court is excessive, without regard to the fact that this Court has heretofore found as a fact that the verdict of the jury is so contrary to the overwhelming preponderance of the evidence as to be manifestly unjust and clearly wrong. It is my construction of Rule 440 that we should find the excessiveness of the verdict when the excessiveness is the "sole" and "only" error revealed by the record. The Supreme Court used the word "sole" in its opinion and points out that we reversed the case on *two* grounds: (1) *That the jury verdict and judgment of the court being so contrary to the overwhelming preponderance of the evidence as to be manifestly unjust and clearly wrong;* and (2) the excessiveness of the verdict. Webster defines the word "sole" (in reference to numbers) to be "single; being or acting without another; individual; only." The word "only" as used in Rule 440, means: "Single; one alone; alone in its class; solitary; preeminent, etc."

As hereinabove pointed out, this Court originally reversed and remanded this cause for multiple reasons. The Supreme Court remanded the case to this Court to find *only* the amount of the excessiveness of the verdict. There is a serious question in my mind as to the status of the case. This Court reversed the same on the grounds that (1) the verdict of the jury was so contrary to the overwhelming preponderance of the evidence as to be manifestly unjust and clearly wrong, and (2) excessiveness. This I say as humbly and earnestly as I know how, because the Supreme Court in the case of Barker v. Coastal Builders, 153 Tex. 540, 271 S.W.2d 798, 807, by per curiam opinion, said:

"In its motion for rehearing respondent points out that in its brief in the Court of Civil Appeals it presented by separate assignments both the point that there was no evidence warranting the submission of Special Issue No. 1 to the jury, and *the point that the finding of the jury in answer to that issue was against the overwhelming preponderance of the evidence. Since the latter point presents a question of fact, this Court is without jurisdiction to decide it.*" (Emphasis mine.)

In obedience to the mandate of the Supreme Court, the majority of this Court as now constituted has fixed the excessiveness of the verdict at a figure with which I just cannot, in good conscience, agree. In addition to the facts pointed out in the original opinion, I would like to point out that there is not one word of evidence in the case that the appellee ever suffered pain so severe from his alleged injuries that he had to take so much as one dose of any type of medicine to secure relief therefrom.

Therefore, in obedience to the order of the Supreme Court, I find that the verdict of the jury is excessive in the sum of $9,500, and in doing so, I adopt the original opinion of this Court as the basis for my finding.

Addendum

CHADICK, Chief Justice.

In an opinion dated March 28, 1957, this Court, on condition that a remittitur of $5,000 be made within 20 days, affirmed the judgment of the trial court. It now appears that on April 5, 1957, the appellee, Leslie Earl Carter, filed a remittitur in such amount in response thereto. Therefore the judgment of the trial court is affirmed.

FANNING, J., concurs.

DAVIS, J., dissents.